UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------x

JAMEL UPSON,

            Plaintiff,

   v.

NURSE WILSON; NURSE TRAVERSE; NURSE WHITE;
NURSE WILLIAMSON; CORRECTION OFFICER WOODS;
JOHN DOE 1; JOHN DOE 2,

            Defendants.

-------------------------------------------------x

**VERIFIED COMPLAINT**

42 U.S.C. § 1983

JURY TRIAL DEMANDED

Case No. 9:18-cw-1149

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
SEP 2 4 2018
AT_____ O'CLOCK_____
John M. Domurad, Clerk - Syracuse

Plaintiff JAMEL UPSON respectfully alleges:

## INTRODUCTION

1.   This is a civil action brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, custom, and/or usage, of rights protected by the United States Constitution.  This action asserts a claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment's Cruel and Unusual Punishments Clause arising out of the defendants' refusal to evaluate or treat a bowel obstruction which resulted in Plaintiff being hospitalized for five days.

## JURISDICTION AND VENUE

2.   This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

3.   Venue is proper in this district as the events giving rise to the causes of action occurred in it and it is the district of the defendants' principal office.

## PARTIES

4.   Plaintiff JAMEL UPSON ("Plaintiff") is an inmate in custody of the New

York State Department of Corrections and Community Supervision ("DOCCS") under DIN 11A1855. He is currently confined at Elmira Correctional Facility.

5. Defendant NURSE WILSON ("Nurse Wilson"), whose full name is known to DOCCS, is the nurse who conducted a "round" at Upstate Correctional Facility past Plaintiff's cell -- 9 Building, 2nd Floor, C Gallery, 49 Cell -- on the 2-10PM shift on April 30, 2015.

6. Defendant NURSE TRAVERSE ("Nurse Traverse"), whose full name is known to DOCCS, is the nurse who conducted a "round" at Upstate CF past Plaintiff's cell on the 10PM-6AM shift April 30-May 1, 2015.

7. Defendant NURSE WHITE ("Nurse White"), whose full name is known to DOCCS, is the nurse who conducted a "round" at Upstate CF past Plaintiff's cell on the 6AM-2PM shift May 1, 2015.

8. Defendant NURSE WILLIAMSON ("Nurse Williamson"), is the nurse who conducted a "round" at Upstate CF past Plaintiff's cell on the 2-10PM shift May 1, 2015. (Nurse Williamson's last name may be spelled "Wilkinson.")

9. Defendant CORRECTION OFFICER WOODS ("CO Woods"), whose full name is known to DOCCS, is a CO who conducted "rounds" at Upstate CF past Plaintiff's cell on the 2-10PM shift April 30, 2015.

10. Defendant JOHN DOE 1 ("CO Doe 1"), whose full name is known to DOCCS, is a CO who conducted "rounds" at Upstate CF past Plaintiff's cell on the 10PM-6AM shift April 30-May 1, 2015.

11. Defendant JOHN DOE 2 ("CO Doe 2"), whose full name is known to DOCCS, is a CO who conducted "rounds" at Upstate CF past Plaintiff's cell on the 6AM-2PM shift May 1, 2015.

12. At all times relevant herein, the defendants were acting under color of state law, custom, and/or usage.

13. The defendants are sued in their individual capacities only for

2

damages.  To the extent any declaratory or injunctive relief is determined to be just and proper, the defendants are sued in their official and individual capacities for such relief.

FACTS

14.  The events complained of here occurred on April 30 and May 1, 2015[1] while Plaintiff was confined in the Special Housing Unit ("SHU") at Upstate CF, in 9 Building, C Gallery, 2nd Floor, 49 Cell.

15.  As a result of a gunshot injury to his abdomen, Plaintiff has and had as of April 30, 2015 a history of bowel obstructions requiring hospitalization. While in DOCCS custody Plaintiff has had to have 3 outside hospital trips (not including the incident here) for this condition.

16.  In the early afternoon of April 30, 2015 Plaintiff began experiencing what he knew from his experience were the symptoms of another severe bowel obstruction: Excruciating abdominal pain and cramping, debilitating vomiting, profuse sweating, and dizziness.

17.  At about 2:30PM Plaintiff reported to CO Woods that he had a medical emergency, explained it, and asked that he summon aid.

18.  At about 3:00PM Nurse Wilson arrived outside Plaintiff's cell and asked what Plaintiff's "problem" was.  He explained his history to her, told her it could be confirmed in his DOCCS medical records, and pointed out that he had been vomiting.  She ignored the severity of Plaintiff's symptoms and left.

19.  Several hours later, at about 8:00PM, Plaintiff was taken to Medical where Nurse Wilson again dismissed Plaintiff's symptoms.  She took blood

[1] Although this incident occurred on May 1, 2015, the statute of limitations was tolled until Plaintiff received a copy of the CORC decision on his grievance about it January 5, 2016.  See Gonzalez v. Hasty, 651 F.3d 318, 324 (2d Cir. 2011)(statute of limitations is tolled while prisoner completes the exhaustion process mandated by the Prison Litigation Reform Act).

pressure, touched Plaintiff's stomach, and sent him back to his cell.

20.  Plaintiff reported to CO Woods a short time later that he had not been evaluated or treated when he went to Medical, that his symptoms were worsening, and asked him to summon aid, but Woods said there was nothing he could do.

21.  After the shift change at 10PM, Plaintiff reported to CO Doe 1 that he had a medical emergeny, explained it, and asked that he summon aid.

22.  A short time later Nurse Traverse showed up outside Plaintiff's cell. Plaintiff explained his symptoms and history, and she said she would check Plaintiff's records, but she left and never returned.

23.  Plaintiff complained about the lack of aid to CO Doe 1 but he said there was nothing he could do.

24.  Plaintiff's symptoms continued to worsen.   After the shift change Plaintiff tried to report the emergency to Nurse White during the 7:00AM "med run" on 5/1/2018.  Without even letting Plaintiff explain, she told him to "put in for sick call" and left.

25.  Plaintiff complained about the lack of aid to CO Doe 2 but he said there was nothing he could do either.

26.  After the shift change at 2:00PM Plaintiff reported to the gallery officer his emergency.  He summoned Nurse Williamson.

27.  At about 2:30 Nurse Williamson came to Plaintiff's cell, then took him to Medical for temporary observation.  She returned Plaintiff to his cell a short time later, but about 30 minutes after that changed her mind and admitted Plaintiff to the Infirmary and determined Plaintiff needed emergency hospitalization.

28.  It took several hours for Plaintiff to be transported to an outside hospital.

29.  By the time Plaintiff finally arrived at the hospital for treatment,

4

his condition and symptoms had worsened to the point that backed up waste had to be pumped out, he required Dilaudid for excruciating pain, and he had to have a nasogastric tube inserted and remain in place for five days.

30.  Plaintiff's treating physician in the hospital said that if treatment had been delayed much longer, Plaintiff could have required emergency surgery or died.

31.  Plaintiff was finally stabilized enough to be released back to Upstate CF on May 6, 2018.

32.  Throughout the course of Plaintiff's numerous pleas for aid, the defendants treated him not as a human being and patient in obvious need of emergency medical care, but as an aggravating disruption to otherwise uneventful daily routine, and were so disinterested in and indifferent to his health and safety that they were unwilling to take any of the minimally necessary steps to evaluate Plaintiff's condition and provide necessary treatment.

33.  Plaintiff's plainly observable symptoms, explanations of his medical history, and pleas for aid made it obvious to a layperson that he was in need of immediate medical attention.

34.  The defendants knowingly and intentionally denied and delayed the evaluation and treatment Plaintiff needed for entirely non-medical reasons, including a preference for uneventful daily routine.

35.  The defendants' acts and refusals to act deviated so far from accepted medical and correctional standards in light of the circumstances that they could not have been based on any genuine medical or correctional judgment, but only on conscious disregard of known substantial risks to Plaintiff's health and life.

36.  The defendants' acts and refusals to act caused the dangerous, unnecessary, and entirely preventable worsening and prolonging of Plaintiff's condition and caused severe physical, mental, and emotional suffering, including

but not limited to excruciating pain, cramps, nausea, debilitating vomiting, profuse sweating, weight loss, dizziness and disorientation, fear of imminent death, despondency, anger, confusion, and humiliation.

37.  The defendants' acts and refusals to act were done willfully, wantonly, and in reckless disregard of obvious substantial risks to Plaintiff's health and life and of his constitutionally protected rights.

38.  Upon information and belief, in an effort to minimize, distort, and cover up their misconduct, the defendants made numerous false and misleading verbal statements to other DOCCS employees and false and misleading written statements in Plaintiff's medical and other institutional records.

39.  Plaintiff has no plain, complete or adequate remedy at law.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

40.  Plaintiff timely filed and appealed through all levels a grievance complaining about these incidents, which was assigned Grievance No. UST-56073-15.  Plaintiff was provided with a copy of the CORC denial of that grievance on January 5, 2016, which fully exhausted his administrative remedies.

41.  There are no further administrative remedies available.

## CLAIMS FOR RELIEF

### Claim 1 - Deliberate Indifference to a Serious Medical Need

42.  The defendants jointly, and each of them individually, were deliberately indifferent to a serious medical need in violation of Plaintiff's right under the Eighth Amendment to not be subjected to Cruel and Unusual Punishments.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff respectfully demands judgment against the defendants:

A.   Declaring that the defendants jointly, and each of them individually, violated Plaintiff's constitutionally protected rights as complained of herein;

B.   Awarding Plaintiff nominal, compensatory, presumed, and punitive damages;

C.   Awarding Plaintiff costs, fees, and expenses incurred in prosecuting this action and attorney's fees pursuant to 42 U.S.C. § 1988;

D.   Directing that the defendants and their officers, agents, attorneys, and other persons acting in concert or participation with them correct any false, misleading, inaccurate, or incomplete entries in Plaintiff's medical and other institutional records; and

E.   Granting such other and further relief as is just and proper.

Date: 09/15/2018

JAMEL UPSON
Plaintiff, Pro Se
DIN: 11A1855
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902-0500

## VERIFICATION

I, JAMEL UPSON, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that I am the plaintiff herein, that I have read the foregoing Verified Complaint and know the contents thereof, and that the same is true and correct, except as to matters alleged upon information and belief and as to such matters I believe them to be true.

Executed on 09/15/2018
at Elmira, New York.

JAMEL UPSON
DIN: 11A1855

7