UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
─────────────────────────────────────────────

JAMEL UPSON,

                        Plaintiff,

    -against-                                 9:18-CV-1149 (LEK/CFH)

GERALDINE WILSON, *et al.*,

                        Defendants.
─────────────────────────────────────────────

## DECISION AND ORDER

### I.    INTRODUCTION

    This is a civil rights suit brought by pro se plaintiff Jamel Upson against defendants Nurse Geraldine Wilson, Nurse Elizabeth White, Correction Officer Shawn Woods, John Doe #1, John Doe #2, and Nurse Deborah Shipman under 42 U.S.C. § 1983. Dkt. No. 1 ("Complaint"). In a Report-Recommendation issued on July 23, 2020, the Honorable Christian F. Hummel, U.S. Magistrate Judge, granted in part and denied in part Defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Dkt. No. 42 ("Report-Recommendation"). For the reasons that follow, the Court adopts the Report-Recommendation in its entirety.

### II.    BACKGROUND

    Plaintiff's factual allegations are detailed in the Report-Recommendation, familiarity with which is assumed. See R. & R. at 2–5. For convenience, the Court summarizes them here.

    Plaintiff's allegations stem from the time that he was confined in a Special Housing Unit ("SHU") at Upstate Correctional Facility ("Upstate C.F."). Id. at 2. Prior to April 30, 2015, Plaintiff sustained an abdominal gunshot wound that caused him to suffer recurring bowel

obstructions that led to hospitalizations in the past. Id. at 2–3. On April 30, 2015, Plaintiff began experiencing symptoms of a severe bowel obstruction. Id. at 3. Plaintiff told Woods that he was experiencing a medical emergency and needed assistance. Id. Wilson arrived 30 minutes later, ignored Plaintiff's concerns, and left. Id. Later that day, Plaintiff was "taken to Medical" where Wilson again dismissed his symptoms. Id. (quoting Compl. at 3–4). Plaintiff then returned to his cell. Id. Subsequently, Plaintiff asked Woods to summon medical assistance, but Woods responded that "there was nothing he could do." Id. (quoting Compl. at 4). Later that day, Plaintiff asked John Doe #1—a correction officer—to summon aid. Id. A nurse responded and left without providing any assistance. Id. Plaintiff complained to John Doe #1, to which Doe responded that "there was nothing he could do." Id. (quoting Compl. at 4). The following morning, Plaintiff complained to White, who told him to "put in for sick call." Id. (quoting Compl. at 4). When Plaintiff complained about the lack of medical treatment to another correction officer, John Doe #2, Doe also responded that "there was nothing he could do." Id. at 4 (quoting Compl. at 4). Later that day Plaintiff consulted Shipman, who, after some time, admitted Plaintiff to the facility's infirmary. See id. Plaintiff was transported to a hospital and stayed there for five days in order to have his "backed up waste . . . pumped out." Id. (quoting Compl. at 5).

On September 24, 2018, Plaintiff commenced this action by filing a pro se civil rights complaint. Id. In a Decision and Order filed on December 10, 2018, the Court conducted an initial review of the Complaint and directed Defendants to respond to Plaintiff's Eighth Amendment medical indifference claims and identify certain Defendants. See id. at 4–5; Dkt. No.

6. Defendants moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). See R. & R. at 5.

Now before the Court is a Report-Recommendation filed by the Honorable Christian F. Hummel, U.S. Magistrate Judge, granting in part and denying in part Defendants' motion to dismiss. Dkt. No. 42. For the reasons that follow, the Court adopts the Report-Recommendation in its entirety.

### III. STANDARD OF REVIEW

#### A. The Report-Recommendation

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's

proposal . . . ."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

## IV. DISCUSSION

Plaintiff did not file objections to the Report-Recommendation. See Docket. Consequently, the Court reviews the Report-Recommendation for clear error and finds none. Therefore, the Court adopts the Report-Recommendation in its entirety.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 42) is **APPROVED and ADOPTED** in its entirety; and it is further

**ORDERED**, that the motion to dismiss (Dkt. No. 22) be **GRANTED in part and DENIED in part.** Plaintiff's Eighth Amendment deliberate indifference claim against Geraldine Wilson and Elizabeth White can proceed; and it is further

**ORDERED**, that the clerk shall **TERMINATE** defendants Shawn Woods, John Doe #1, John Doe #2, and Deborah Shipman from the docket; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: September 16, 2020
Albany, New York

Lawrence E. Kahn
U.S. District Judge