UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAMEL UPSON,

                      Plaintiff,

    -against-                                    9:18-CV-01149 (LEK/CFH)

GERALDINE WILSON, *et al.*,

                      Defendants.

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiff Jamel Upson commenced this action pro se on September 24, 2018. Dkt. No. 1 ("Complaint"). The Court reviewed Plaintiff's Complaint under 28 U.S.C. §§ 1915(e) and 1915A and allowed Plaintiff's Eighth Amendment medical indifference claims to proceed. Dkt. No. 6. Defendants subsequently filed a motion to dismiss, Dkt. No. 22, which the Court granted in part and denied in part, allowing only Plaintiff's claim against Nurses Geraldine Wilson and Elizabeth White to proceed, while dismissing all claims against other defendants. Dkt. No. 43. Following discovery, White and Wilson ("Defendants") filed a motion for summary judgment. Dkt. No. 59 ("Motion" or "Motion for Summary Judgment"). Plaintiff then filed a response, Dkt. No. 70 ("Plaintiff's Response"), and Defendants filed a reply in support of the Motion, Dkt. No. 67 ("Reply"). Now before the Court is a Report-Recommendation by the Honorable Christian F. Hummel, United States Magistrate Judge, Dkt. No. 71 ("Report-Recommendation"), recommending that Defendants' Motion be granted. Plaintiff has filed objections, Dkt. No. 77 ("Objections"), and Defendants have responded, Dkt. No. 78 ("Defendants' Response"). For the reasons that follow, the Court adopts Judge Hummel's Report-Recommendation in its entirety.

## II. BACKGROUND

### A. Factual Allegations

Plaintiff's factual allegations are detailed in the Report-Recommendation, familiarity with which is assumed. See R. & R. at 2–5.

### B. The Report-Recommendation

On March 11, 2022, Judge Hummel comprehensively reviewed Defendants' Motion and Plaintiff's Response, finding that the Motion should be granted. See generally R. & R.

#### 1. Defendant Wilson

Judge Hummel found that the undisputed facts would not allow a reasonable jury to conclude Wilson acted with a sufficiently culpable state of mind to render her deliberately indifferent under the Eighth Amendment. Id. at 10–11. First, he reasoned, even if she was "dismissive and displayed a lack of empathy toward Plaintiff, the undisputed facts demonstrate that she conducted a complete physical examination of Upson, listened to his complaints, and provided him with guidance on how to proceed if his symptoms did not improve." Id. at 10–11. Next, Judge Hummel found that Wilson's failure to provide Plaintiff with pain medication, which he did not request, is also insufficient to demonstrate a culpable state of mind. Id. at 11–12. Finally, Judge Hummel concluded that even if Wilson failed to review Plaintiff's medical records, there is no evidence this failure was due to anything other than a lack of care. Id. at 12.

In addition, Judge Hummel found that any contention that Wilson caused a delay in treatment lacks merit because Wilson examined Plaintiff approximately one hour after his initial request for medical attention. Id. at 13. Judge Hummel also found that Plaintiff's affidavit, provided in opposition to Plaintiff's Motion, fails to create a dispute of fact because his claims therein that Plaintiff "showed [Wilson] the vomit" and made her aware of his "prior issues with bowel obstructions" are contradicted by his deposition testimony. Id. at 13–14.

2

### 2. Defendant White

Judge Hummel found that White's actions in response to Plaintiff's statement that he was vomiting and having an emergency failed to rise to the level of deliberate indifference because there is no evidence "White knew of and disregarded an 'excessive risk to his health' . . . ." Id. at 14 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1970)). Judge Hummel further found that White's failure to adhere to DOCCS policy was insufficient to establish a constitutional violation, id. at 14–15, and that the eight-and-a-half-hour delay of medical treatment that resulted from White's conduct was neither shown to be intentional, nor long enough to constitute deliberate indifference, id. at 15.

### 3. Prematurity of Summary Judgment Motion

Plaintiff argued in his Response that summary judgment is premature due to outstanding discovery. Id. at 17 (citing Resp. at 7). Plaintiff contended that Defendants had failed to disclose medical records and audio/video tapes, which could support his claims. R. & R. at 17. Judge Hummel examined this argument under Fed. R. Civ. P. 56(d), which sets out the standard for reopening discovery. Id. Judge Hummel ultimately concluded that Plaintiff had failed to demonstrate his entitlement to reopen discovery because his affidavit did not reference his request for medical records, Plaintiff failed to demonstrate that his medical records were relevant, and Plaintiff provided only conclusory statements indicating that the contents of the audio or video footage were necessary to oppose Defendants' Motion. Id. at 18. Because Judge Hummel concluded that summary judgment was appropriate even after accepting Plaintiff's version of events, he found Plaintiff's claim that the "audio or video surveillance would assist him in establishing Eighth Amendment violations [to be] nothing more than speculation and insufficient to oppose a motion for summary judgment." Id. at 18–19. Finally, Judge Hummel

noted that Plaintiff had ample time to obtain discovery and never sought judicial intervention or requested an extension of time to conduct discovery. Id. at 19.

Judge Hummel noted that Defendants' Reply failed to provide any explanation regarding their failure to provide medical records or audio or video tapes. Id. at 19–20. However, Judge Hummel concluded that this did not preclude summary judgment given that Plaintiff had failed to explain how such information would be relevant to his Eighth Amendment claims. Id. at 20.

## III. STANDARD OF REVIEW

"Rule 72 of the Federal Rules of Civil Procedure and Title 28 United States Code Section 636 govern the review of decisions rendered by Magistrate Judges." A.V. by Versace, Inc. v. Gianni Versace, S.p.A., 191 F. Supp. 2d 404, 405 (S.D.N.Y. 2002); see also 28 U.S.C. § 636; Fed. R. Civ. P. 72. Review of decisions rendered by Magistrate Judges are also governed by the Local Rules. See L.R. 72.1. As 28 U.S.C. § 636 states:

> Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of the court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings of recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1). When written objections are filed and the district court conducts a de novo review, that "*de novo* determination does not require the Court to conduct a new hearing; rather, it mandates that the Court give fresh consideration to those issues to which specific objections have been made." A.V. by Versace, 191 F. Supp. 2d at 406 (emphasis in original); see also 12 Wright & Miller, Fed. Prac. & Proc. Civ. § 3070.2 (3rd ed.) (2022) ("[T]he judge to

noted that Plaintiff had ample time to obtain discovery and never sought judicial intervention or requested an extension of time to conduct discovery. Id. at 19.

Judge Hummel noted that Defendants' Reply failed to provide any explanation regarding their failure to provide medical records or audio or video tapes. Id. at 19–20. However, Judge Hummel concluded that this did not preclude summary judgment given that Plaintiff had failed to explain how such information would be relevant to his Eighth Amendment claims. Id. at 20.

## III. STANDARD OF REVIEW

"Rule 72 of the Federal Rules of Civil Procedure and Title 28 United States Code Section 636 govern the review of decisions rendered by Magistrate Judges." A.V. by Versace, Inc. v. Gianni Versace, S.p.A., 191 F. Supp. 2d 404, 405 (S.D.N.Y. 2002); see also 28 U.S.C. § 636; Fed. R. Civ. P. 72. Review of decisions rendered by Magistrate Judges are also governed by the Local Rules. See L.R. 72.1. As 28 U.S.C. § 636 states:

> Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of the court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings of recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1). When written objections are filed and the district court conducts a de novo review, that "*de novo* determination does not require the Court to conduct a new hearing; rather, it mandates that the Court give fresh consideration to those issues to which specific objections have been made." A.V. by Versace, 191 F. Supp. 2d at 406 (emphasis in original); see also 12 Wright & Miller, Fed. Prac. & Proc. Civ. § 3070.2 (3rd ed.) (2022) ("[T]he judge to

whom the objection is made must review the record and magistrate's recommendations, and must make a de novo determination of the facts and legal conclusions, receiving additional evidence and rehearing witnesses at his or her discretion. The district judge must not be a rubber stamp." (footnote omitted)).

"The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record." DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009). "When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the [report and recommendation] strictly for clear error." New York City Dist. Couns. of Carpenters Pension Fund v. Forde, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) (quoting Molefe v. KLM Royal Dutch Airlines, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)).

"The objections of parties appearing *pro se* are 'generally accorded leniency' and should be construed 'to raise the strongest arguments that they suggest.'" DiPilato, 662 F. Supp. 2d at 340 (emphasis in original) (quoting Milano v. Astrue, No. 05-CV-6527, 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008)). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." DiPilato, 662 F. Supp. 2d at 340 (emphasis in original) (quoting Pinkney v. Progressive Home Health Servs., No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008)).

## IV.  DISCUSSION

### A.  Plaintiff's Objections

After the Report-Recommendation was issued on March 11, 2022, see R. & R., Plaintiff filed his Objections to the Report-Recommendation on April 25, 2022, Dkt. No. 77.[1] Plaintiff indicates that he objects to Judge Hummel's recommendations for several reasons. First, Plaintiff objects to Judge Hummel's finding that the "facts do not support the conclusion that Wilson acted with culpable intent" during her allegedly deficient treatment of Plaintiff's abdominal pain. Obj. at 4 (quoting R. & R. at 11). Plaintiff maintains that his "position is and has always been that Wilson simply did not care whether [P]laintiff had a medical condition or not. Wilson stated to Plaintiff that she does not believe anything is wrong with him, and although she went through the motions of conducting a [medical] examination, Wilson disregarded Plaintiff's pain . . . ." Obj. at 5. Plaintiff further asserts, "Wilson knew of Plaintiff's previous bowel obstruction issues, because Plaintiff made her aware of this, and documentation of this. Her response was that Plaintiff was full of shit. Wilson simply did not believe Plaintiff had a medical issue." Id. Thus, this objection focuses on Judge Hummel's conclusion that Wilson was not deliberately indifferent to Plaintiff's medical needs, because Wilson administered a medical examination on Plaintiff, even though Wilson "displayed a lack of empathy" while conducting the medical exam. R. & R. at 10.

However, Plaintiff has already made this argument concerning Wilson's alleged skepticism and purportedly subpar medical treatment; as a result, Plaintiff is "simply relitigating

---

[1] Plaintiff requested an extension of time to file his objections on March 21, 2022, Dkt. No. 72, which the Court granted, Dkt. No. 73. Plaintiff requested another extension to file his objections on April 4, 2022, Dkt. No. 75, which the Court again granted, Dkt. No. 76. Thus, even though Plaintiff filed his objections after fourteen days of being served a copy of the Report-Recommendation, Plaintiff's objections are timely.

a prior argument." DiPilato, 662 F. Supp. 2d at 340. Indeed, in Plaintiff's Response, Dkt. No. 70 at 56, Plaintiff similarly argued, "Wilson's actions were dismissive and uncaring due to the fact that Wilson believed that [P]laintiff was faking regarding the symptoms he was experiencing." Id. at 5. Plaintiff also noted in his Response that "although an examination was conducted, RN Wilson never believed Plaintiff was in distress and did not care whether Plaintiff was in distress." Dkt. No. 77 at 6. Thus, because Plaintiff reiterates his prior argument, the Court reviews this portion of the Report-Recommendation for clear error and finds none.

Plaintiff next objects to Judge Hummel's finding regarding Wilson's alleged intentional refusal to review Plaintiff's medical records detailing a history of bowel obstructions. Judge Hummel stated: "Even assuming Wilson failed to review Plaintiff's medical records, Upson has failed to proffer evidence that her failure was due to anything other than a lack of care." R. & R. at 12. Plaintiff appears to respond to this conclusion by stating, "Plaintiff has proffer[ed] his factual statement[2] as evidence that Wilson's failure was due to her personal judgment and not her professional medical judgment," Obj. at 6, and adds that:

> The fact that Wilson stated to Plaintiff that she did not believe anything was wrong with him was made prior to any examination being conducted, and Wilson repeatedly stated to Plaintiff that she did not believe anything was wrong and he was faking, and would not issue any treatment for his excruciating pain and discomfort.

Id. Thus, Plaintiff's objection focuses on Wilson's alleged indifference to Plaintiff's pain, and an intentional failure to review Plaintiff's medical records. Plaintiff thus appears to argue that these actions were unconstitutional because they stemmed from Wilson's personal animosity rather

---

[2] Plaintiff does not indicate which statement he is referring to and appears to conflate this argument with his argument that Wilson refused pain medication on the basis of personal animosity. Obj. at 6.

than professional judgment. This personal animosity—Plaintiff argues—ostensibly encouraged Wilson to (1) withhold pain medication from Plaintiff and (2) ignore Plaintiff's medical records.

However, like Plaintiff's previous objection, he has already made similar arguments in an earlier filing. See Dkt. No. 70 at 5–6. Plaintiff previously said in his Response, "Plaintiff was not issued any medication to offer relief of his excruciating pain to his abdominal. . . Wilson's actions were dismissive and uncaring due to the fact that Wilson believed that Plaintiff was faking regarding the symptoms he was experiencing." Id. Additionally, in Plaintiff's Response, he made the argument that "Wilson was deliberate[ly] indifferent to Plaintiff's medical need when she failed to review Plaintiff's medical charts." Dkt. No. 70 at 6. Thus, Plaintiff has already made these arguments—namely that Wilson unconstitutionally withheld pain medication because of personal reasons (rather than reasons based on an informed medical judgment), and that Wilson was deliberately indifferent for refusing to review Plaintiff's medical charts. The Court thus reviews this portion of the Report-Recommendation for clear error and finds none.

Plaintiff next objects to Judge Hummel's conclusion that Plaintiff provided contradictory evidence relating to Wilson's awareness of Plaintiff's abdominal symptoms. Obj. at 7. Judge Hummel stated, "Finally, in an attempt to create an issue of fact, Upson provides an affidavit and claims he 'showed [Wilson] the vomit' and made Wilson aware of his 'prior issues with bowel obstructions.' However, these assertions are contradicted by his deposition testimony." R. & R. at 13 (internal citations omitted). In response, Plaintiff argues that Judge Hummel misunderstood the record; Plaintiff explains that "[I do] not attempt to create an issue of fact, during [my] deposition [I] testified that [I] showed Wilson/and or everyone [my] throw up, [I] also testified that [I] made Wilson aware of [my] history of prior bowel obstructions." Obj. at 7. Accordingly,

8

this is a specific objection to the Report-Recommendation, so the Court will review this portion of the Report-Recommendation de novo below.

Plaintiff also objects to Judge Hummel's finding regarding White allegedly ignoring Plaintiff's abdominal pain. In particular, Plaintiff quotes Judge Hummel who concluded that, "Even assuming Upson communicated that he felt as though he was having an emergency and vomiting, the mere fact that Upson made this statement does not suffice to prove that these conditions actually existed." R. & R. at 8. Plaintiff argues that "the Court cannot in its ruling disbelieve Plaintiff's version of the events, or his facts as submitted as proof his claims." Obj. at 8. This specific objection focuses on the proper assessment of disputed facts during summary judgment, and so the Court will this portion of the Report-Recommendation de novo below.

Next, Plaintiff objects to Judge Hummel's finding with respect to White's knowledge of Plaintiff's abdominal pain. Obj. at 9. Judge Hummel stated, "Because Upson admits that White did not examine him, and further, that he did not discuss his symptoms with her, Upson has failed to prove that White intentionally delayed his access to 'medical care at a time when he was in extreme pain' and made his medical problems known. . . ." R. & R. at 14 (citations omitted). Plaintiff counters by stating "Plaintiff told White he had an emergency, explaining his symptoms, and history of bowel obstruction." Obj. at 9. Plaintiff appears to argue that White did in fact know of Plaintiff's pain, contrary to Judge Hummel's conclusion. Id. Thus, it appears that Plaintiff specifically objects to Judge Hummel's reading of the record regarding White's knowledge of Plaintiff's abdominal pain. The Court will also review this portion of the Report-Recommendation de novo below.

Plaintiff also objects to Defendants and Judge Hummel's use of Plaintiff's deposition testimony, arguing that such use violates Federal Rules of Civil Procedure "30(3)(1)(A)(B)(2),"

9

and 30(5)(C). Obj. at 10. However, this is an argument that Plaintiff could have raised earlier in the action but failed to. See generally Docket. And "in this . . . [C]ircuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." Hubbard v. Kelley, 752 F. Supp. 2d 311, 313 (W.D.N.Y. 2009); see also Piligian v. Icahn Sch. of Med. at Mount Sinai, 490 F. Supp. 3d 707, 716 (S.D.N.Y. 2020) (stating that new arguments and factual assertions cannot be properly raised for the first time in objections to an R. & R. and may be deemed "not objections at all"). Thus, Plaintiff has waived his argument relating to Fed. R. Civ. P. 30.

Finally, Plaintiff argues that Defendants' "summary judgment motion is premature" due to outstanding discovery related to audio and video tapes that allegedly support his claims. Obj at 11. However, Plaintiff already made this argument before in his Response, see Dkt. No. 70 at 11,[3]; thus, Plaintiff merely reiterates his argument from before. See id. Accordingly, the Court reviews this portion of the Report-Recommendation for clear error and finds none.

    **B.**    **De Novo Review of the Report-Recommendation**

In sum, the Court will review the following portions of the Report-Recommendation de novo: Plaintiff's objection that Judge Hummel misunderstood the record with respect to whether Wilson saw Plaintiff throw up or knew of Plaintiff's history of bowel obstructions; Judge Hummel's failure to credit Plaintiff's testimony regarding White and accompanying disregard of

---

[3] Plaintiff states, "The defendants are using the deposition that was taken of plaintiff, that plaintiff never received a copy of, and was not allowed to make [sic] any correction to the answers he made during the deposition as is required. . .defendants [have] also refused to disclose the audio/video tapes of Wilson speaking to Plaintiff reporting his medical condition, pleading for help." Dkt. No. 77 at 7.

Plaintiff's version of the facts; and relatedly, whether Judge Hummel misread the record regarding White's knowledge of Plaintiff's pain.

Under Federal Rule of Civil Procedure 56: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact *and* the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphasis added). At the summary judgment stage, "[t]he question is not whether th[e] proof will ultimately be found convincing or persuasive. That would be an issue for trial. Rather, the question is only whether the parties have proof for their claims and defenses such that a trial is needed." 11 Moore's Fed. Prac. Civ. § 56.02 (2022). Moreover, when assessing a motion for summary judgment—even if there is no dispute as to any material fact—the court must then determine whether the moving party is entitled to judgment as a matter of law: "The nonexistence of a factual dispute is a mere predicate to summary judgment, and is never, by itself, dispositive of the motion. For example, if the facts are undisputed but there is more than one legally permissible conclusion that could be drawn from those facts, a trial will be required and summary judgment must be denied." Id. Therefore, the Court must determine whether it should accept, reject, or modify Judge Hummel's recommendation to grant Defendants' Motion for Summary Judgment with respect to Plaintiff's Eighth Amendment medical indifference claims against Wilson and White.

The Eighth Amendment to the Constitution prohibits the infliction of "cruel and unusual punishments . . . ." U.S. Const. amend. VIII. "In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove 'deliberate indifference to [his] serious medical needs.'" Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). "The standard of deliberate indifference includes both subjective and objective components." Chance, 143 F.3d at 702. "'First, the alleged deprivation

must be, in objective terms, sufficiently serious." Id. (cleaned up) (quoting Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994)). "Second, the defendant 'must act with a sufficiently culpable state of mind." Chance, 143 F.3d at 702 (quoting Hathaway, 37 F.3d at 66). "An official acts with the requisite deliberate indifference when that official 'knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Chance, 143 F.3d at 702 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

Under the first, objective prong of an Eighth Amendment medical indifference claim, the Court must "[d]etermin[e] whether a deprivation is an objectively serious deprivation [and that] entails two inquiries." Salahuddin v. Goord, 467 F.3d 263, 279 (2d Cir. 2006). "The first inquiry is whether the prisoner was actually deprived of adequate medical care." Id. "As the Supreme Court has noted, the prison official's duty is only to provide reasonable care." Id. (citing Farmer, 511 U.S. at 844–47). "Thus, 'prison officials who act reasonably [in response to an inmate-health risk] cannot be found liable under the Cruel and Unusual Punishments Clause,' and, conversely, failing 'to take reasonable measures' in response to a medical condition can lead to liability." Salahuddin, 467 F.3d at 279–80 (citations omitted) (quoting Farmer, 511 U.S. at 845, 847).

"Second, the objective test asks whether the inadequacy of medical care is sufficiently serious. This inquiry requires the court to examine how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner." Salahuddin, 467 F.3d at 280. "For example, if the unreasonable medical care is a failure to provide any treatment for an inmate's medical condition, courts examine whether the inmate's medical condition is sufficiently serious." Id. "The Second Circuit has stated that a medical need is 'serious' for constitutional purposes if it presents 'a condition of urgency that may result in degeneration or

extreme pain.'" Bumpus v. Canfield, 495 F. Supp. 2d 316, 320 (W.D.N.Y. 2007) (cleaned up) (quoting Chance, 143 F.3d at 702). "Among the relevant factors for determining whether a serious medical need exist are '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" Bumpus, 495 F. Supp. 2d at 320 (quoting Chance, 143 F.3d at 702).

### 1. *Plaintiff's Remaining Objection Concerning Wilson*

Plaintiff's first specific objection relates to Judge Hummel's conclusion about Plaintiff's contradictory evidence. Judge Hummel found that, in an attempt to create a dispute of material fact regarding Wilson's knowledge of Plaintiff's abdominal pain, Plaintiff provides an affidavit and claims he "'showed [Wilson his] vomit' and made Wilson aware of his 'prior issues with bowel obstructions.' However, these assertions are contradicted by his deposition testimony." R. & R. at 13 (citations omitted). The Court agrees with Judge Hummel's conclusion that there is no dispute of material fact as to whether Wilson saw Plaintiff's vomit. After being asked if he could recall his first interaction with Wilson, Dkt. No. 59-5 at 32–33 ("Plaintiff's Deposition"), all Plaintiff admitted to saying to Wilson was that Wilson should "calm down." Id. at 33. Plaintiff was asked again in his deposition about his second encounter with Wilson, Id. at 39–43, and Plaintiff merely testified that he "told" Wilson he was vomiting, not that he "showed" the vomit to Wilson. Id. at 44.

Plaintiff argues, however, that on page 65 and 67 of his deposition, he showed Wilson his vomit. See Obj. at 7. But page 65 of Plaintiff's deposition describes only how Plaintiff felt the day he was sick, but never actually mentions that he showed his vomit to Wilson. See Pl.'s Dep. at 65. Similarly, Page 67 mentions only that Plaintiff "knows [his own] symptoms, and . . .

[knows] the excruciating pain in my stomach and I continuously throw[] up, and I'm telling her that." Pl.'s Dep. At 67.

"[A] party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony." (internal quotation marks and citations omitted) See Guarino v. St. John Fisher College, 553 F.Supp. 2d 252, 259 (W.D.N.Y. 2008), aff'd 321 F. App'x 55 (2d Cir. 2009) (summary order). Thus, because Plaintiff seeks to contradict his testimony post hoc, his objection with respect to whether Wilson viewed and became aware of Plaintiff's vomit, fails.

However, Plaintiff does testify that he "just [told] [Wilson] that [he] had [bowel obstructions before]." Pl.'s Dep. at 67. Thus, Plaintiff provided testimony demonstrating that Wilson was aware of his history of bowel obstructions. Nevertheless, after being made aware of these obstructions, Plaintiff concedes that Wilson performed a medical examination of Plaintiff's stomach. Pl.'s Dep. at 40–41. Wilson used a stethoscope to listen for sounds in his abdomen and listened to his abdomen as she pushed in various places on his abdomen. Id. at 41. Wilson asked Plaintiff where he was feeling pain as she palpitated his abdomen. Id. at 40. When Wilson examined Plaintiff, she did not identify any objective signs that Plaintiff was suffering from a bowel obstruction or other medical emergency. See Dkt. No. 59-2, ("Wilson Declaration") ¶¶ 39-40. Wilson testified that she found that Plaintiff's vital signs were normal, there were no sounds present in his abdomen characteristic of a bowel obstruction, Plaintiff's abdomen appeared to be flat and not swollen or distorted, and no spasms typically associated with a bowel obstruction were present. Id. ¶¶20-25, ¶¶39-40.

Thus, Plaintiff received treatment for the pain he complained about. Importantly, the Eighth Amendment does not guarantee prisoners a right to the medical treatment of their

choosing, and prison medical personnel maintain discretion to determine what method of care and treatment to provide to their patients. Cf. Estelle, 429 U.S. at 107 (finding that "the question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment" and does not give rise to constitutional protections); see also Vargas v. State of New York Dep't of Corr. Services, No. 93-CV-7337, 1996 WL 631722, at *4 (S.D.N.Y. Oct. 31, 1996) (holding that a medical decision not to prescribe certain medications does not represent cruel and unusual punishment, but at most rises to a claim for medical malpractice). As a result, Judge Hummel properly found that "This claim, at most, amounts to a disagreement with Wilson's medical judgment, and does not give rise to an Eighth Amendment claim. See Veloz v. New York, 339 F.Supp. 2d 505, 525 (S.D.N.Y. 2004) (concluding that the plaintiff's contention that the defendant denied him pain medication amounted to a disagreement with a medical provider over a treatment plan and does not implicate the Eighth Amendment). R. & R. at 12. Thus, there is no genuine dispute of material fact regarding Plaintiff's Eighth Amendment claims against Wilson, and Wilson is entitled to judgment as a matter of law.

2. *Plaintiff's Remaining Objections Regarding White*

Judge Hummel also found with respect to Plaintiff's Eighth Amendment claim against White: "Even assuming Upson communicated that he felt as though he was having an emergency and vomiting, the mere fact that Upson made this statement does not suffice to prove that these conditions actually existed." The Court, however, agrees with Plaintiff that, a court "cannot in its ruling disbelieve Plaintiff's version of the events, or his facts as submitted as proof [of] his claims" when deciding whether to grant summary judgment. See Redd v. N.Y. State Div. of Parole, 678 F.3d 166, 174 (2d Cir. 2012) ("Credibility determinations, the weighing of the

15

evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.").

However, Plaintiff's claim fails not because Judge Hummel failed to give proper weight to Plaintiff's evidence, but rather because Plaintiff provided *no* evidence that White knew of Plaintiff's vomiting or visible distress. See generally Pl.'s Dep. Indeed, Judge Hummel's statement to which Plaintiff objects to occurred in the context of a counterfactual, and as Judge Hummel notes, "Upson does not proffer evidence demonstrating that he was suffering from visible distress when he spoke with White at his cell." R. & R. at 14 (citing Dkt. No. 70 at 25). Thus, Plaintiff does not provide evidence that White knew of and disregarded an "excessive risk to his health" under the subjective prong of the Eighth Amendment analysis. Farmer, 511 U.S. at 837.

The final statement that Plaintiff objects to concerns Judge Hummel's conclusion that "Upson failed to prove that White intentionally delayed his access to 'medical care at a time when he was in extreme pain[,]' made his medical problems known [to] White[,] or that he was completely denied medical treatment." R. & R. at 14. The Court agrees with Judge Hummel. Plaintiff testified that White walked past his cell on a single occasion while she was performing other medical duties, but in her momentary passing, Plaintiff never communicated the pain he was in. Pl.'s Dep. at 52. Plaintiff does not claim that White examined Plaintiff, but rather that she instructed him to "put in for sick call," so that he could be seen by a different member of the medical staff. Id. at 49-50. Thus, Plaintiff does not provide evidence that Plaintiff informed White in this momentary passing of any history of bowel obstructions or discussed with her the symptoms that he was experiencing. See generally Pl.'s Dep. As a result, Plaintiff has failed to

raise a genuine dispute of material fact as to whether White knew of and disregarded an excessive risk to Plaintiff's health or safety.

The Court reviews for clear error the other portions of the Report-Recommendation to which neither party filed objections. The Court finds no clear error. Therefore, the Court adopts the remaining portions of the Report-Recommendation in their entirety.

## V.  CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 71) is **APPROVED and ADOPTED** in its entirety; and it is further

**ORDERED**, that Defendants' Motion for Summary Judgment (Dkt. No. 59) is **GRANTED**; and it is further

**ORDERED**, that the Complaint (Dkt. No. 1) be **DISMISSED** in its entirety without leave to amend; and it is further

**ORDERED**, that the Clerk close this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   September 30, 2022
         Albany, New York

_____
LAWRENCE E. KAHN
United States District Judge