**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

JAMEL UPSON,

               Plaintiff,

         -v-                                9:18-CV-1149 (AJB/TWD)

GERALDINE WILSON,

               Defendant.
_____

**Hon. Anthony Brindisi, U.S. District Judge:**

**JURY INSTRUCTIONS**

# TABLE OF CONTENTS

I.     INTRODUCTION ................................................................ - 2 -

II.    ROLE OF THE COURT AND JURY ................................ - 2 -

III.    NATURE OF THE EVIDENCE ...................................... - 3 -

   A.   Certain Things are not Evidence ................................ - 4 -

   B.   Direct and Circumstantial Evidence .......................... - 5 -

IV.    WEIGHT OF THE EVIDENCE ...................................... - 5 -

   A.   Credibility of Witnesses ............................................ - 6 -

   B.   Video-taped Witnesses ............................................... - 7 -

   C.   Interested Witnesses ................................................. - 7 -

   D.   State Employees as Witnesses .................................... - 8 -

   E.   Incarcerated Witness ................................................ - 8 -

   F.   Impeachment by Felony Conviction .......................... - 8 -

   G.   Discrepancies in Testimony ....................................... - 8 -

   H.   Prior Inconsistent Statements .................................. - 10 -

   I.   State Not a Defendant .............................................. - 10 -

   J.   Improper Considerations .......................................... - 11 -

   K.   Summary .................................................................. - 11 -

V.    BURDEN OF PROOF ................................................... - 12 -

VI.    CLAIMS ASSERTED .................................................. - 13 -

   A.   Section 1983 ............................................................. - 13 -

      1.   Action under Color of State Law ........................ - 14 -

      2.   Deprivation of a Constitutional Right ............... - 14 -

      3.   Proximate Cause ................................................ - 16 -

VII.    DAMAGES ................................................................. - 16 -

   A.   Actual Damages ...................................................... - 16 -

   B.   Nominal Damages .................................................... - 17 -

   C.   Punitive Damages .................................................... - 18 -

VIII.    CONCLUSION .......................................................... - 19 -

## I.    INTRODUCTION

Members of the jury—on behalf of the Court, the attorneys, and the parties, I want to thank you for serving as jurors in this case.

At this point, I am going to give you instructions on the law that you must apply during your deliberations.  Continue to pay attention and listen carefully, as you have done throughout the trial, and you will be able to follow and apply the law to the facts of this case as you find them to be.

I believe my charge will take about twenty minutes.  Please bear with me, as some of these instructions may sound similar to my earlier instructions to you.

## II.    ROLE OF THE COURT AND JURY

You have now heard all of the evidence as well as the final arguments from the lawyers.  My duty at this point is to instruct you on the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and other evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle that is different from any that I state to you in these instructions, it is my instructions that you must follow.

You should not consider one instruction alone as stating the law.  Instead, you must consider these instructions as a whole.  Nor should you be concerned

about the wisdom of any rule of law.  Regardless of any opinion that you may have as to what the law is, or should be, you must accept and apply the law as I give it to you in these instructions.

As to the facts, ladies and gentlemen, you are the exclusive judges.  You pass upon the evidence.  You determine the credibility of the witnesses.  You resolve whatever conflicts there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In deciding the facts of this case and applying the law, you must not be swayed by feelings of bias, prejudice, or sympathy toward any party.  Nor should you allow any feelings you may have about the nature of the claim being asserted influence you in any way.  Your verdict must be based solely upon the evidence, or the lack of evidence, developed at this trial.

The parties and the public expect you to carefully and impartially consider all of the evidence in this case, follow the law as I state it, and reach a decision regardless of the consequences.

## III.    NATURE OF THE EVIDENCE

As I stated before, your duty is to determine the facts of this case based on the evidence I have admitted.  The term "evidence" includes the sworn testimony of the witnesses and any exhibits that were admitted into evidence.  The parties

also stipulated to certain facts.  A stipulation is an agreement between the parties that a fact is true.  I instruct you that you must accept those stipulated facts as true.

### A.  **Certain Things are not Evidence**

By contrast, the arguments and statements of the lawyers, as well as their questions to witnesses, standing alone, are not evidence.  The function of a lawyer is to call your attention to the facts that help their side of the case.  However, what a lawyer says is not binding on you, and in the final analysis your own recollection and interpretation of the evidence controls your decision.

You have heard the attorneys make objections during the trial.  Objections are not evidence.  It is the duty of the attorneys on each side of the case to object when the other side offers testimony or other evidence that the attorney believes is not admissible.  But you should not show any prejudice against an attorney or her client because the attorney objected to the admissibility of evidence or asked the court for a ruling on the law.

During the trial, I sustained some objections, and I may have prevented a witness from answering or ordered an answer stricken from the record.  You may not draw inferences from unanswered questions, and you may not consider any responses that were ordered stricken from the record.  Similarly, the testimony or exhibits that I excluded with my rulings are not evidence, and you may not consider them.

Finally, the rulings I made during the trial are not evidence. Nor should you consider them to be any indication of my opinion as to the facts you should find or what your verdict should be. You alone decide what weight, if any, should be given to the testimony that you have heard and the exhibits that you have seen.

## B.    Direct and Circumstantial Evidence

There are two types of evidence from which you will find the facts in this case. The first is direct evidence. Direct evidence is when a witness testifies about something they know by virtue of their own senses—something a witness has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit when the fact to be proved is its present existence or condition.

The second type of evidence is circumstantial evidence. Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. You infer based on reason, experience, and common sense from one established fact the existence or non-existence of some other fact. Circumstantial evidence is of no lesser value than direct evidence, for it is a general rule that the law makes no distinction between direct and circumstantial evidence. The law simply requires that your verdict be based on a preponderance of all of the evidence presented.

## IV.    WEIGHT OF THE EVIDENCE

You are being called upon to resolve various factual issues raised by the parties in the face of different pictures painted by both sides.

### A.  Credibility of Witnesses

By this point, you have heard the testimony of all of the witnesses in this case.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.  In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

There is no magic formula to help you decide how much weight to give to the testimony of a particular witness.  To determine the credibility or believability of a witness, you should rely on the same tests you use in your everyday life.  You should consider any bias or hostility the witness may have shown, either for or against any party, as well as any interest the witness has in the outcome of the case.

You should also consider the opportunity the witnesses had to see, hear, and know the things that they testified about, the accuracy of their testimony, their candor or lack of candor, their intelligence, the reasonableness and probability of the testimony, its consistency or lack of consistency, and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size up a witness in light of his or her demeanor, the explanations given, and all of the other

evidence in the case. Always remember that you should use your common sense, your good judgment, and your own life experience.

## B.  Video-taped Witnesses

Over the course of this trial, you have heard live testimony from witnesses here in the courtroom, and you have heard the pre-recorded, video-taped testimony of other witnesses. You should not draw any inference against a witness based solely on the fact that the witness was not present in the courtroom. Testimony presented to you by means of a videorecording is meant to be considered by you in the same way, and given the same weight, as testimony given in person here in court.

## C.  Interested Witnesses

You should take into account the fact that some of the witnesses in this case will benefit in some way from the outcome. An interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his or her own interests. Therefore, you should bear that factor in mind when evaluating the credibility of their testimony.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome may be, would not testify falsely. It is for

you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his or her testimony.

### D.    State Employees as Witnesses

You have heard the testimony of individuals who are currently, or were formerly, employed by the State of New York.  The fact that a witness may have been or is employed by a State government does not mean that their testimony is necessarily deserving of more or less consideration, or greater or lesser weight, than that of an ordinary witness.

### E.    Incarcerated Witness

You have heard the testimony of witnesses who are presently incarcerated. The fact that a witness may have been or is incarcerated does not mean that their testimony is necessarily deserving of more or less consideration, or greater or lesser weight, than that of any other witness.

### F.    Impeachment by Felony Conviction

You have heard from witnesses who have been convicted of a crime.  You may use that evidence only to help you decide whether to accept their testimony and how much weight to give their testimony. You may not consider this evidence for any other purpose.

### G.    Discrepancies in Testimony

You may have heard discrepancies in the testimony of certain witnesses, and counsel for the parties have argued that such discrepancies are a reason for you to reject the testimony of those witnesses.

You are instructed that evidence of discrepancies may be a basis on which to disbelieve a witness's testimony. But discrepancies in a witness's testimony or between his or her testimony and that of others do not necessarily mean that the witness's entire testimony should be discredited. People sometimes forget things, and even a truthful witness may be nervous and contradict themselves. You should consider whether a discrepancy pertains to an important fact or only a trivial detail in weighing its significance.

On the other hand, a willful falsehood is always important, and should be considered seriously. If you find that a witness has willfully testified falsely as to any material fact, the law permits you to disregard completely the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about everything. However, you are not required to consider such a witness totally unworthy of belief. You may accept as much of their testimony as you deem true, and disregard what you feel is false.

It is for you to decide, based on your total impression of the witness, how to weigh any discrepancies in their testimony. As always, you should use common sense and your own good judgment.

## H.    Prior Inconsistent Statements

You may have also heard evidence that at some earlier time a witness has said or done something that counsel argues is inconsistent with the witness's trial testimony.  Evidence of a prior inconsistent statement was presented for the more limited purpose of helping you decide whether to believe the witness's trial testimony.  If you find that the witness made an earlier statement that conflicts with their trial testimony, you may consider that fact in deciding how much of the trial testimony to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake, whether the inconsistency concerned an important fact or a small detail, whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based on all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

## I.    State Not a Defendant

During your deliberations, you must bear in mind that the State of New York and the New York State Department of Corrections and Community Supervision

("DOCCS") are not defendants in this case. This is a suit against one individual defendant: Geraldine Wilson. Defendant Wilson is not liable for her employer's conduct, and you are to consider the potential liability of defendant solely on the basis of the evidence that has been presented in this case.

### J.    Improper Considerations

Your verdict must be based solely upon the evidence developed at this trial, or the lack of evidence. It would be improper for you to consider any personal feelings you may have about one of the parties' race, religion, national origin, gender or age.

### K.    Summary

Finally, the law does not require any party to produce as exhibits all of the papers and things mentioned in the evidence in the case. Nor does the law require any party to call as witnesses every person who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.

The law simply requires that you base your verdict on a preponderance of all of the evidence presented. The test is not which side brings the greater number of witnesses or presents the greater quantity of evidence. The test is which witnesses, and which evidence, you find the most accurate and trustworthy.

By the processes I have just described, you, as the sole judges of the facts, determine which of the witnesses you believe, what portion of their testimony to accept, and what weight you will give it.  Nothing I have said in these instructions or during the trial is meant to suggest or convey in any way or manner what verdict I think you should find.  Again, what the verdict shall be is the sole and exclusive responsibility of you, the jury.

## V.    BURDEN OF PROOF

This is a civil case and therefore the plaintiff, Jamel Upson, has the burden of proving his claim by a preponderance of the credible evidence.  The credible evidence means the testimony or exhibits that you find worthy of belief.  To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.

If, after considering all of the credible evidence, you are satisfied that plaintiff has carried his burden as to each element of his claim, then you must find in plaintiff's favor.  However, if you find that the testimony and other evidence offered by both parties is in balance or is equally probable, then plaintiff has failed to carry his burden, and you must find in favor of the defendant.

You have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply in a civil case such as this and you should put it out of your mind.

## VI.    CLAIMS ASSERTED

Now I am going to describe plaintiff's claim and explain what you should consider during your deliberations.  As you have heard, plaintiff Jamel Upson claims that defendant Geraldine Wilson deprived him of his rights under the Eighth Amendment to the United States Constitution.

### A.    Section 1983

The law to be applied in this case is the federal civil rights law.  Section 1983 of Title 42 of the United States Code states that:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State . . . , subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

To establish a Section 1983 claim, plaintiff must show, by a preponderance of the evidence, each of the following three elements:

*First*, that the defendant committed the acts complained of while acting under color of state law;

*Second*, that in committing those acts, the defendant deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or federal law; and

*Third*, that the defendant's acts were the proximate cause of the injuries or damages sustained by plaintiff.

I am now going to explain each of these elements in more detail for you.

- 13 -

### 1.  Action under Color of State Law

The first element of plaintiff's Section 1983 claim, which plaintiff must establish by a preponderance of the evidence, is that the defendant was acting under color of state law.  I instruct you that defendant Geraldine Wilson acted under color of state law in regard to plaintiff's Section 1983 claim.  In other words, the first element of plaintiff's Section 1983 claim has been satisfied as a matter of law, and you need not consider it.

### 2.  Deprivation of a Constitutional Right

The second element of plaintiff's Section 1983 claim, which he must establish by a preponderance of the evidence, is that the defendant deprived plaintiff of a constitutional right.

### i.    The Eighth Amendment

Here, plaintiff claims that the defendant deprived him of his rights under the Eighth Amendment to the United States Constitution.

The Eighth Amendment protects incarcerated individuals from cruel and unusual punishment.  Because incarcerated individuals must rely on prison authorities to treat their medical needs, the Eighth Amendment applies when prison authorities provide medical care to incarcerated individuals.

In this case, plaintiff claims that the defendant, Nurse Geraldine Wilson, deprived him of his Eighth Amendment rights on April 30, 2015, when she was deliberately indifferent to his serious medical needs.

### ii.    Deliberate Indifference to Medical Needs

To establish an Eighth Amendment violation for deliberate indifference to serious medical needs, plaintiff must prove the following.

First, plaintiff must show that he had an objectively serious medical need that created an excessive risk to his health or safety. There is no precise definition for what counts as an objectively serious medical need. A medical need may be considered objectively serious if it causes significant pain, or if it significantly affects daily activities. The medical condition does not need to be life-threatening, but it must be more than uncomfortable and annoying.

Second, plaintiff must show that the defendant was *deliberately indifferent* to plaintiff's serious medical need, that is, the defendant knew that there was an excessive risk to plaintiff's health or safety, and disregarded that risk by either (1) denying a reasonable request for medical treatment; or (2) intentionally refusing to provide medical treatment. In other words, deliberate indifference requires more than negligence, but less than conduct undertaken for the purpose of causing harm.

Third, the plaintiff must show that he was injured or harmed by the defendant's denial or refusal to provide treatment.

### 3. Proximate Cause

The final element of plaintiff's Section 1983 claim, which he must establish by a preponderance of the evidence, is that the act or acts of the defendant were the proximate cause of injuries he sustained. An act is a proximate cause of an injury if it was a substantial factor in bringing about that injury, and if the injury was a reasonably foreseeable consequence of the defendant's act.

## VII.  DAMAGES

I am now going to instruct you on the law of damages. My instructions in this area must not be taken as a suggestion that I have any opinion on whether or not plaintiff has satisfied his burden of proof or that the defendant is liable.

If you find that plaintiff has not sustained his burden in proving his claim against the defendant, then you need not go any further. But if you find that plaintiff has proven his claim against the defendant, you must consider the proper measure of damages so as to fairly and justly compensate him for the injuries you find that he suffered.

### A.  Actual Damages

If you find that plaintiff has proven all elements of his claim against the defendant, then plaintiff is entitled to recover "actual damages" – a sum of money that will justly and fairly compensate him for any loss that was proximately caused by the liable conduct of that defendant. Actual damages are sometimes referred to

as "compensatory damages." Compensatory damages seek to make the plaintiff whole—that is, to compensate him or her for the damage suffered. A prevailing plaintiff is entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, or shock and discomfort that he has suffered because of a defendant's conduct.

I remind you that you may award compensatory damages only for injuries that a plaintiff proves were proximately caused by the defendant's allegedly wrongful conduct. The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that a plaintiff has actually suffered or which he or she is reasonably likely to suffer in the near future.

In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances. Damages may not be based on speculation or sympathy. They must be based on the evidence presented at the trial.

## B. Nominal Damages

If you find, after considering all the evidence presented, that the defendant deprived plaintiff of a constitutional right, but that plaintiff failed to prove by a preponderance of the evidence that he suffered any actual damages as a result of

the deprivation, you may award him "nominal damages."  Nominal damages are

awarded as recognition that the plaintiff's rights have been violated.

However, you may not award nominal and actual damages for the same

constitutional deprivation against a defendant.  Either plaintiff was measurably

injured, in which case you must award him actual damages, or he was not, in

which case you may award him nominal damages.  Nominal damages may not be

greater than one dollar.

## C.  Punitive Damages

If you find that the defendant is liable for the plaintiff's injuries, then you

have the discretion to award, in addition to compensatory damages, punitive

damages.  The purpose of punitive damages is to punish a defendant for outrageous

or shocking conduct and to deter her, and others like her, from committing similar

acts in the future.

You may award punitive damages if the plaintiff proves by a preponderance

of the evidence that the defendant's conduct was malicious or wanton, not merely

unreasonable.  An act is maliciously done if it is prompted by ill will or spite

toward the injured person. An act is wantonly done if it is done in reckless or

callous disregard of, or with indifference to, the rights of the injured person.

Plaintiff has the burden of proving by a preponderance of the evidence that the

defendant under consideration acted maliciously or wantonly with respect to plaintiff's rights.

The awarding of punitive damages is within your discretion. This means that you are not required to award them. In making this decision, you should consider the underlying purpose of punitive damages, that is, to punish a defendant for outrageous conduct, and to deter her, and others like her, from engaging in similar conduct in the future.

After you decide whether or not to award punitive damages, you are simply to mark "Yes" or "No" on the Verdict Form. You are not to calculate any amount of punitive damages.

## VIII. CONCLUSION

I have outlined the rules of law applicable to this case and the processes by which you should weigh the evidence and determine the facts. In a few minutes, you will retire to the jury room to begin your deliberations. Your first order of business will be to elect a foreperson. The foreperson's responsibility is to ensure that deliberations proceed in an orderly manner. But the foreperson's vote is not entitled to any greater weight than the vote of any other juror.

Your job as jurors is to reach a fair conclusion from the law and evidence. When you are in the jury room, listen to each other, and discuss the evidence and issues. It is the duty of each of you, as jurors, to consult with each other, and to

deliberate with a view to reaching an agreement, if you can do so without violating your individual judgment and conscience. The parties and I are relying on you to give full and conscientious consideration to the issues and the evidence before you.

If, in the course of your deliberations, your recollection of any part of the testimony should fail, or if you find yourself in doubt concerning my instructions, you may return to the courtroom to have the testimony read back to you or to have my instructions further explained. I caution you, however, that preparing the read-back of testimony may take some time and effort. Therefore, you should make a conscientious effort to resolve any questions about the testimony through your own collective recollections. Most exhibits received into evidence will also be sent into the jury room with you. Please advise me if you desire to review any exhibits that are not sent in.

I will give you a copy of these instructions to use in the jury room. If you want to communicate with me during your deliberations, you must put your message or question in writing. The foreperson should sign the note and pass it to the Marshal, who will bring it to my attention. I will respond, either in writing, or orally, by having you returned to the courtroom. But I caution you that in your communications with me, or anyone else, you should *never* state how you stand on any issue, or your division by number, until after you reach a verdict.

To reach a verdict as to the defendant, all eight of you must agree—that is, your verdict must be unanimous.  A Verdict Form has been prepared for you and will be sent into the jury room with you.  Once you have reached a verdict, all eight jurors must complete and sign the Verdict Form.  You should then inform the Marshal that a verdict has been reached.  Afterward, you will return to the courtroom and the verdict will be announced in open court.

## END OF CHARGE